IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KENNETH RAY CISCO,**

    **Movant,**

v.                           **Case No. 3:16-cv-07275**
                              **Criminal Case No. 3:15-cr-00007**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, (ECF No. 23),[1] and Respondent's motion for an order directing Movant's prior counsel to provide information to the United States concerning Movant's claim of ineffective assistance of counsel. (ECF No. 28). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding district judge **DENY** Movant's motion as untimely; **DENY** Respondent's motion as moot; and **DISMISS** this civil action, with prejudice, and remove it from the docket of the Court.

---

[1] The citations in this PF&R reference Movant's criminal case number: 3:15-cr-00007.

## I.    **Factual and Procedural Background**

In February 2015, Kenneth Ray Cisco (hereinafter "Cisco") entered into a plea agreement with the United States and pled guilty to aiding and abetting the distribution of oxycodone. (ECF Nos. 11, 12, 13). On May 11, 2015, this Court sentenced Cisco to 58 months of imprisonment and three years of supervised release. (ECF Nos. 17, 18). He did not appeal his conviction or sentence. However, on August 3, 2016, Cisco filed the instant *pro se* motion for post-conviction relief under 28 U.S.C. § 2255. (ECF No. 23). Cisco contends that his conviction must be vacated because he did not receive constitutionally effective assistance of counsel. (*Id.* at 3-5). Specifically, Cisco argues that his counsel erroneously advised him that he would receive 42 months imprisonment under the plea agreement and failed to tell him that he could receive a longer sentence based on the presentence investigation report ("PSI"). (*Id.* at 3). Cisco contends that he would not have signed the plea agreement if he had known that he faced a longer potential sentence; therefore, he argues that his guilty plea was not entered knowingly and voluntarily. (*Id.*). Cisco further asserts that his attorney did not advise him of his right to appeal his sentence. (*Id.*).

Cisco did not complete the portion of the standard § 2255 form concerning whether his motion was timely under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year statute of limitations on § 2255 motions. (ECF No. 23 at 8); *see* 28 U.S.C. § 2255(f). Given that Cisco's motion was filed more than one year after his judgment of conviction became final, the undersigned provided a notice pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). The undersigned advised Cisco that his case was subject to dismissal unless he provided sufficient explanation for why his motion should be considered timely under the principles of equitable tolling, or by any of

2

the circumstances set forth in 28 U.S.C. § 2255(f). (ECF No. 29).

In response to the foregoing order, Cisco conceded that he filed his motion "80 days out of time." (ECF No. 35 at 2). However, Cisco expressed five reasons that the Court should apply equitable tolling in order to find that his motion was timely filed. First, Cisco stated that he did not file his motion within one year due to "misplaced trust" in his criminal counsel, who advised him at the conclusion of his case that there were no "appealable matters" and assured Cisco that he had received the "best possible deal." (*Id.*). The second reason provided by Cisco was that he had physical "problems" that prevented him from sitting at the computer stations in the prison law library for lengthy periods of time. Cisco stated that no other legal reference materials were available to him. (*Id.*). His third reason for the delayed filing was that, although he graduated from high school, he lacked the education and legal proficiency to personally identify potential issues to raise on habeas review. (*Id.* at 3). In a similar vein, Cisco's fourth stated reason for untimely submission was that he had to rely on the assistance of "jailhouse lawyers." According to Cisco, he had to be very cautious when seeking legal assistance in prison, because no attorney-client privilege existed; consequently, any information he divulged regarding his case could potentially be used against him, if the jailhouse lawyer decided to share it with the authorities. (*Id.* at 4-5). Finally, Cisco's fifth excuse filing his motion after the one-year deadline was "sheer ignorance" that a limitations period existed. (*Id.* at 5).

In response to Cisco's arguments in favor of equitable tolling, the United States relied on established case law, which it asserted made clear that the AEDPA one-year statute of limitations was strictly enforced absent extraordinary circumstances. (ECF No. 39 at 4). As far as Cisco's statement that he did not pursue habeas relief in a timely fashion because his criminal counsel advised him that there were no appealable matters, the

3

United States contended that Cisco failed to show that he "diligently pursued his rights" to discover any issues warranting relief. (*Id.* at 6). The United States pointed out that even erroneous advice of counsel concerning the § 2255 limitations period, which would imply a greater degree of fault on the part of counsel, had been ruled to be insufficient to warrant equitable tolling. (*Id.* at 7). Next, the United States argued that Cisco's claim that his physical impairments contributed to his late filing were vague and failed to demonstrate that Cisco was incapacitated from filing his § 2255 motion. (*Id.*). With respect to Cisco's claim that he required additional time to find "jailhouse lawyers" to help him with his motion, the United States asserted that there was no legal authority to indicate that such impediment justified equitable tolling. (*Id.* at 8). Finally, as to Cisco's claimed ignorance of the law and lack of education, the United States explained that ignorance of the law was not a basis for equitable tolling, even in the case of uneducated and unrepresented prisoners. (*Id.*).

Cisco filed additional responses on the issue of timeliness. (ECF Nos. 40, 41). He again emphasized that his criminal counsel's statement that there were no appealable issues justified the extension of equitable tolling in his case. (*Id.*). Further, he stated that his counsel's advice could "be imputed to the government, and therefore [made] the delay excusable pursuant to 28 U.S.C. § 2255(f)(2)," which provided that, if government action in violation of the Constitution or laws of the United States creates an impediment to making a § 2255 motion, the limitations period did not begin to run until the date on which the impediment was removed. (ECF No. 41 at 1).

After the briefs were filed in this matter, Cisco was released from incarceration on September 7, 2018. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited Sept. 10, 2018).

## II.    Discussion

Under the AEDPA, a § 2255 motion must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, Cisco's judgment of conviction was entered on May 11, 2015. Under Rule 4(b) of the Federal Rules of Appellate Procedure, Cisco had 14 days to file a notice of appeal, but he declined to do so. Therefore, Cisco's judgment of conviction became final upon the expiration of that time period in late May 2015. Cisco did not file his § 2255 motion until August 2016, which was over one year after his judgment of conviction became final. Therefore, Cisco's motion was untimely filed.

Cisco admits that his motion was "filed out of time." (ECF No. 35 at 2). However, he argues that he is entitled to equitable tolling of the AEDPA statute of limitations because (1) he relied on his criminal defense attorney's advice that there were no "appealable matters" in his case and that he received the best possible deal by entering into a plea agreement; (2) he was not able to sit at a prison computer, which provided the only legal reference material available to him, for extended periods of time due to physical "problems;" (3) he lacked the legal knowledge to identify issues on habeas review; (4) it took time for him to find "jailhouse lawyers," who were individuals within the prison who

5

could help him with his § 2255 motion, because no attorney-client privilege existed and any person to whom Cisco divulged sensitive information regarding his case could potentially become a government informant and use the information against him; and (5) he simply did not know of the one-year filing deadline. (ECF No. 35).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has long recognized that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Supreme Court of the United States established in *Holland v. Fla.*, 560 U.S. 631, 649 (2010), that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." In this case, Cisco fails to meet this exceedingly high bar for the following reasons.

### A. Diligent Pursuit of Rights

Regarding the first *Holland* factor, Cisco does not offer any evidence that he diligently pursued his rights in order to file his habeas motion. (ECF No. 35). Cisco "has submitted nothing to show, for example, like the petitioner in *Holland,* that he repeatedly sought to have his attorney file a federal petition or have him replaced." *Beatty v. United States*, No. 1:07-CR-66-05, 2013 WL 3365243, at *4 (N.D.W. Va. July 3, 2013) (citing *Holland,* 130 S.Ct. 2549). The undersigned **FINDS** that while Cisco contends that he faced various obstacles that delayed the filing of his habeas petition, he does not offer sufficient evidence that he diligently pursued his rights in an effort to overcome any impediments that he faced.

6

### B. Extraordinary Circumstances

More critically, as discussed below, Cisco does not assert any extraordinary circumstances that impeded him from seeking habeas review within one year of the date that his conviction became final.

#### 1. Advice of Counsel

First, Cisco states that he relied on his counsel's advice that there were no meritorious issues to raise on appeal. However, advice from counsel does not generally constitute a basis for equitable tolling, even when the movant relied on erroneous advice. *See, e.g., Bias v. United States*, No. ELH-15-221, 2015 WL 4129657, at *4 (D. Md. July 8, 2015); *Beatty*, 2013 WL 3365243, at *4 (holding that the requirement that the habeas petitioner prove that he was prevented from timely filing by extraordinary circumstances beyond his control or external to his own conduct did "not include the failure of his attorney to advise him of the statute of limitations or mis-advice from counsel"); *Dale v. United States*, No. RDB-14-816, 2015 WL 4477953, at *2 (D. Md. July 17, 2015) (holding that counsel's alleged failure to alert the defendant to the one-year limitations period was not grounds for equitable tolling); *Nguyen v. Killian*, No. 3:10-CV-436-RJCRA, 2012 WL 1253039, at *1 (W.D.N.C. Apr. 13, 2012) (holding that it was "well established that a lawyer's mistakes related to the filing of a § 2255 motion do not constitute 'extraordinary circumstances' external to [the movant] that would justify tolling."); *Brown v. United States*, No. 5:05-CV-123-F, 2005 WL 8157883, at *1 (E.D.N.C. Sept. 19, 2005) (collecting cases); *Oiler v. United States*, No. 5:06-CR-00098-02, 2009 WL 1073639, at *3 (S.D.W. Va. Apr. 21, 2009) (holding that even if the movant was misled by counsel that she could not file a § 2255 motion, a mistake by counsel does not serve as grounds for equitable tolling); *United States v. Lighty*, No. 7:04-CR-00072-1, 2010 WL 322249, at *2 (W.D. Va.

7

Jan. 27, 2010) (holding that movant's argument that he was ill-advised, misguided, and did not know the AEDPA time limit did not demonstrate grounds for equitable tolling).

In *Harris*, 209 F.3d at 331, the Fourth Circuit held that even "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Similarly, in *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003), the Fourth Circuit declined to apply equitable tolling to a habeas petition of a death row prisoner who alleged that his untimely filing was due to a medical condition and his counsel's misinterpretation of the statutory requirements. To the extent that Cisco's § 2255 motion was delayed due to ill advice from counsel, such factor is insufficient to warrant equitable tolling.

The undersigned **FINDS** that Cisco's argument that his motion was untimely due to his counsel's advice that there were no issues to raise on appeal fails to assert any extraordinary circumstances beyond his control that prevented him from filing his motion within the one-year deadline.[2]

### 2. Medical Issues

Cisco next asserts that he had "several problems" that limited him from "sitting and standing for lengthy periods of time." (ECF No. 35 at 2). Therefore, Cisco contends that he was precluded from "personally utilizing the computer stations in institutional law

---

[2] Cisco additionally states that his counsel's ineffective assistance in advising him "that there were no reviewable issues of any kind under which he might bring a challenge" made his delay in filing his habeas motion excusable under 28 U.S.C. § 2255(f)(2). (ECF No. 41). As previously noted, such subsection provides that a federal prisoner must file a habeas motion within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). Cisco fails to assert any facts or argument under which § 2255(f)(2) is potentially applicable to his motion.

8

libraries which provide[d] the only legal reference material available to him." (*Id.*). Cisco does not offer any evidence to indicate that he was physically unable to file his § 2255 motion within the one-year time frame. In fact, Cisco does not specify the nature of his physical impairments, much less show that he was incapacitated for the entire year after his conviction became final or for a substantial portion of that period. Although Cisco indicates that he could not sit at the institutional computer terminals for extended periods of time, that assertion does not explain why Cisco was unable to complete the research necessary to file his § 2255 motion in shorter increments over the one-year period.

Courts have consistently rejected movants' vague assertions of medical issues as a basis for equitable tolling under the AEDPA. *See, e.g., Talley v. United States*, No. 3:10-CR-00038-1, 2014 WL 3881961, at *3 (S.D.W. Va. Apr. 8, 2014), *report and recommendation adopted,* 2014 WL 3881964 (S.D.W. Va. Aug. 7, 2014) (declining to apply equitable tolling when movant cut off part of his thumb while working in the prison butcher shop because the movant did not demonstrate that he was incapacitated for a substantial part of the limitations period) (citing *Rouse,* 339 F.3d at 248 n.10); *United States v. Curtiss*, No. 3:88-CR-53, 2015 WL 4425861, at *2–3 (E.D. Va. July 17, 2015) (declining to apply equitable tolling when a § 2255 movant alleged that his failing health prevented him from timely filing his § 2255 motion because the movant did not show that he suffered from profound health conditions that were the proximate cause of his untimeliness); *Rouse*, 339 F.3d at 248 ("Because Rouse simply provides no reason why his medical condition barred him from filing his habeas petition at least one day earlier, we hold that the district court did not abuse its discretion in denying equitable tolling on this basis."); *Correa v. United States*, No. 3:09-CR-52-FDW-7, 2013 WL 632295, at *3 (W.D.N.C. Feb. 20, 2013) (holding that equitable tolling was inappropriate because the

petitioner did not submit anything to show that he was physically incapable of filing his § 2255 motion during the entire one-year period after his abdominal surgery).

Therefore, for the above reasons, the undersigned **FINDS** that Cisco's alleged physical ailments do not warrant equitable tolling under the AEDPA.

### 3. Lack of Training and Ignorance of the Law

Cisco argues that the statute of limitations governing his § 2255 motion should be equitably tolled because he lacked legal knowledge or expertise, had to solicit "jailhouse lawyers" to assist him with his habeas case, and was simply unaware of the one-year filing deadline. (ECF No. 35 at 3-5). The Fourth Circuit has explicitly stated that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, other ordinary aspects of prison life, such as restricted access to legal reference materials or assistance, do not provide a basis for equitable tolling. *Cadet v. United States*, No. 3:09-CR-44, 2012 WL 4854381, at *4 (E.D. Va. Oct. 11, 2012); *Marsh v. Beck*, No. 1:06CV1108, 2007 WL 2793444, at *3 (M.D.N.C. Sept. 26, 2007) (stating that a habeas petitioner was not excused from complying with the one-year AEDPA statute of limitations "simply because he claim[ed] that he had inadequate access to legal materials, [was] proceeding *pro se*, or [was] ignorant of the relevant case law.") (citation omitted); *Johnson v. Waid*, No. 5:07-CV-00139, 2009 WL 514211, at *3 (N.D.W. Va. Mar. 2, 2009) (finding that despite the habeas petitioner's allegations of limited library access, lack of competent staff members for assistance, and functional failure of the computers, there was no allegation that he was completely denied access to the law library or assertion of extraordinary circumstances necessary to justify equitable tolling); *Peterson v. Green*, No. GJH-16-1148, 2018 WL 3329584, at *4 (D. Md. July 6, 2018) (holding that limited library and computer access

10

did not constitute extraordinary circumstances warranting equitable tolling); *Lewellyn v. Beck*, No. 1:08-CV-788, 2009 WL 249983, at *2–3 (M.D.N.C. Feb. 3, 2009) (holding that the habeas petitioner's alleged ignorance of the law and lack of help from North Carolina Prisoner Legal Services was not a basis for equitable tolling). Therefore, the undersigned **FINDS** that Cisco is not entitled to equitable tolling on the basis of his alleged ignorance of the law or need for assistance to prepare his habeas motion, as he expresses nothing more than impediments that are shared by most *pro se* habeas petitioners in federal prison.

Accordingly, for the reasons stated above, the undersigned does not find that Cisco's case is one of the rare instances in which it would be unconscionable to enforce the AEDPA limitations period against him. The undersigned additionally notes that the basis of Cisco's § 2255 motion is that his criminal counsel was constitutionally deficient because he failed to advise Cisco that he might receive a longer sentence than expected and did not tell him that he had the right to appeal his sentence. However, not only did the plea agreement which Cisco signed notify him of such considerations, but Cisco was specifically advised by the Court that he may receive a sentence that was more severe than the estimate that Cisco's lawyer gave him and more severe than what was stated in the plea agreement. (ECF Nos. 11, 30 at 21-22). The Court also advised him of his right to appeal his sentence and the procedure to do so. (*Id.* at 23-24). Cisco acknowledged that he understood such considerations and still chose to plead guilty. (*Id.* at 21-24).

Nevertheless, the Fourth Circuit has cautioned that "[a]llowing consideration of the merits of time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claims will always be considered." *Rouse*, 339 F.3d at 251. Therefore, the undersigned does not

11

undertake a consideration of the merits of Cisco's habeas motion. For the above-stated reasons, the undersigned **RECOMMENDS** that Cisco's § 2255 motion be dismissed as untimely.

### III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 23), be **DENIED** as untimely; Respondent's motion, (ECF No. 28), be **DENIED** as moot; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be

provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** September 17, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge